**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

IN RE:

MILLENIUM MULTIPLE EMPLOYER
BENEFIT PLAN,

    *Debtor*.

CASE NO. 10-13528-WV
(CHAPTER 11)

---

CLAUDE YOUNG, *et al.*,

    *Plaintiffs,*

v.

THE MILLENIUM MULTIPLE
EMPLOYER BENEFIT PLAN, *et al.*,

    *Defendants*.

ADVERSARY CASE NO. 10-01176

---

FRED WESTFALL, *et al.*,

    *Plaintiffs,*

v.

THE MILLENIUM MULTIPLE
EMPLOYER BENEFIT PLAN, *et al.*,

    *Defendants*.

ADVERSARY CASE NO. 10-01175

**<u>DEFENDANT TIMOTHY O'ROURKE'S</u>
<u>MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF</u>**

To the Honorable T.M. Weaver, U.S. Bankruptcy Judge:

Timothy O'Rourke ("O'Rourke"), a Defendant in the *Young* and *Westfall* adversary proceedings, respectfully moves for summary judgment as to all claims asserted against him by the Plaintiffs in the *Young* and *Westfall* adversary proceedings.

## I. Background

O'Rourke is a small business owner who, together with his wife, operates an I.T. consulting company called ICON Information Consultants, L.P. ("ICON"). *See* O'Rourke Decl. ¶ 2. In around 2001, O'Rourke learned about the Millennium Multiple Employer Welfare Benefit Plan (the "Plan") from ICON's accountant. *See id.* ¶ 3. After learning more about the Plan, O'Rourke and his wife decided that ICON should participate in it. *See id.* ¶ 4. ICON invested in the Plan for the benefit of O'Rourke and his wife. *See id.* Thus, ICON is a Covered Employer and O'Rourke and his wife are Eligible Employees or Plan participants. *See id.*

In approximately 2004, Kathy Barrow of the Millennium Marketing Group contacted O'Rourke. *See* O'Rourke Decl. ¶ 5. Ms. Barrow informed O'Rourke that a Plan Committee was being put together and she invited O'Rourke to be part of the Plan Committee. *See id.* O'Rourke accepted the invitation and has been a Plan Committee member since then. *See id.*

O'Rourke has unfortunately found himself tangled in the litigation surrounding the Plan. He has been named as a defendant in the *Westfall* and

*Young* cases. *See* O'Rourke Decl. ¶ 6; *Young* Pls.' 9th Am. Pet.; *Westfall* Pls. 8th Am. Pet.

The plaintiffs in the *Young* and *Westfall* adversary proceedings (collectively referred to as the "Plaintiffs") claim that their participation in the Plan was induced by fraud and misrepresentation. *See* 2-18-2011 Order [Dkt. # 937] at 5; *Young* Pls.' 9th Am. Pet. ¶¶ 6.02-6.15, at 108-112; *Westfall* Pls.' 8th Am. Pet. ¶ 4.01, at 13. The Plaintiffs specifically claim that the Plan was misrepresented to them as being one that qualified under section 419A(f)(6) as a ten or more Employer Welfare Benefit Plan, which would have resulted in their contributions to the Plan being tax-deductible. *See* 2-18-2011 Order [Dkt. # 937]; *Young* Pls.' 9th Am. Pet. ¶ 6.03-6.04, at 109-09; *Westfall* Pls.' 8th Am. Pet. ¶ 5.04, at 14. They claim that the Plan does not so qualify, and that the Plan was merely a scheme to sell insurance. *See Young* Pls.' 9th Am. Pet. ¶¶ 4.01, at 20-21, 4.02, at 21; *Westfall* Pls.' 8th Am. Pet. ¶ 5.04, at 14.

The Plaintiffs have asserted various claims pertaining to the alleged fraud and misrepresentation.[1] The Plaintiffs have also asserted a breach of fiduciary duty claim against O'Rourke. *See Young* Pls.' 9th Am. Pet. ¶¶ 6.29-6.32, at 115; *Westfall* Pls.' 8th Am. Pet. ¶¶ 6.29-6.32, at 52. Lastly, the Plaintiffs have asserted claims for constructive trust, unjust enrichment, and money had and received, in

---

[1] The Plaintiffs have asserted the following causes of action which relate to the fraud and misrepresentation theories: (1) fraud; (2) negligent misrepresentation; (3) fraudulent inducement; and (4) violations of Article 541.151 of Texas Insurance Code and the Texas Deceptive Trade Practices Act. *See Young* Pls.' 9th Am. Pet., at 108-16; *Westfall* Pls.' 8th Am. Pet., at 45-52.

which the Plaintiffs claim that O'Rourke possesses money which belongs to the Plaintiffs. *See Young* Pls.' 9th Am. Pet. ¶¶ 6.16-6.18, at 112, 6.32-6.33, at 115-16; *Westfall* Pls.' 8th Am. Pet. ¶¶ 6.16-6.18, at 49, 6.32-6.33, at 52-53.

O'Rourke seeks summary judgment on all claims being made against him in the *Young* and *Westfall* adversary proceedings.

## II. Summary of the Argument

O'Rourke is entitled to summary judgment on all claims made against him. Plaintiffs simply added O'Rourke and the other Plan Committee members to their State court petitions in the *Young* and *Westfall* matters for reasons unrelated to the merits of any claims, making little or no attempt to distinguish any cause of action against the Plan Committee from the pending causes of action against all other defendants. The result is a myriad of pending claims which are completely baseless causes of action against O'Rourke.

With regard to the claims related to fraud and misrepresentation, O'Rourke did not play any role in the marketing, sale, or promotion of the Plan to any Covered Employers or Eligible Employees. He has never induced anyone to sign up or participate in the Plan.

As to the constructive trust, unjust enrichment, and money had and received claims, O'Rourke is not in possession of, is not holding, and has never received any funds belonging to any of the Plaintiffs.

Lastly, the Plaintiff's breach of fiduciary duty claim is preempted by ERISA.

## III. Analysis

### A.    Claims based on alleged fraud and misrepresentation

The Plaintiffs claim that their participating in the Plan was induced by fraud and misrepresentation. Even if this is true, O'Rourke played no part in any of this.

O'Rourke has never participated in the sale, marketing, or promotion of the Plan to any Covered Employers or Eligible Employees. O'Rourke Decl. ¶ 7. He has never induced anyone to sign up or participate in the Plan, nor has he ever discussed the Plan with anyone who has then entered the Plan. *Id.* ¶ 8. At no point has O'Rourke made any representations to any prospective Plan Participants or Covered Employers regarding the tax status of contributions, whether the Plan qualified as a 419(A) plan, or the possibility of recovering contributions made to the Plan. *Id.* ¶ 8.

There is simply no evidence that O'Rourke committed any fraud or made any misrepresentations to any of the Plaintiffs. In none of the Plaintiffs' depositions did anyone claim any fraud or misrepresentation on the part of O'Rourke. Not one of the Plaintiffs deposed had ever spoken with O'Rourke and several had never even heard of him.[2] Additionally, to the extent that the

---

[2]  *See, e.g.,* Cynthia Baldouf Tr. at 130:20 – 130:25 (has never spoken with O'Rourke); Joan Evans Tr. at 151:5 – 151:6 (does not know who O'Rourke is); Jennifer Fleshner Tr. at 91:4 – 91:5 (has never spoken with O'Rourke); Michael Goldberg Tr. at 198:7 – 198:11; Patricia Gonzales Tr.

Plaintiffs had intended to rely upon their conspiracy theory to impute alleged acts of fraud and/or misrepresentation committed by others to O'Rourke, summary judgment is still warranted because the Plaintiffs are dismissing their conspiracy claim. *See* Dkt. # 32 in the *Young* action; Dkt. # 54 in the *Westfall* action.

**B.    Claims for constructive trust, unjust enrichment, and money had and received**

O'Rourke does not possess or hold, nor has he ever received, any funds belonging to any other Covered Employer or Eligible Employee, including any of the Plaintiffs. *See* O'Rourke Decl. ¶ 9. To the contrary, O'Rourke volunteered to be on the Plan Committee, a position which paid him nothing, despite his hours of time spent.  Proving the adage "no good deed goes unpunished," O'Rourke's agreement to serve on the Plan Committee resulted in him being sued personally and having to defend himself with his own money.  O'Rourke is entitled to summary judgment on the Plaintiffs' constructive trust, unjust enrichment, and money wrongfully had and received claims.

**C.    State law breach of fiduciary duty claim**

The Plaintiffs claim that O'Rourke and the other Plan Committee members owed a fiduciary duty to the Plaintiffs by virtue of their position as Plan Committee members. *See Young* Pls.' 9th Am. Pet. ¶ 5.48, at 49-51; *Westfall*

---

at 121:25 – 122:4 (does not know O'Rourke and has never spoken with O'Rourke); Timothy Johnston Tr. at 179:20 – 179:25 (has never heard of O'Rourke and has never spoken with O'Rourke).

Pls.' 8th Am. Pet. ¶ 5.26, at 26-28. The Plaintiffs claim that O'Rourke breached

his fiduciary duty by allegedly doing the following:

1. concealing the negative IRS letter ruling issued in October 2007;
2. issuing false and misleading statements about the character, operation, and tax attributes of the Plan;
3. using $3.8 Million of a "$5 Million wasting liability policy" on litigation to protect the Plan Committee members' personal interests;
4. misappropriating and wasting the Plan's legal defense fund;
5. negligently supervising Jonathan Cocks (the Plan Committee chairman);
6. authorizing the forfeiture of the participation in the Plan of some of the Plaintiffs;
7. utilizing Plan funds for Jonathan Cocks' salary and other "useless expenses;"
8. refusing to refund participants' money without adequately investigating whether such a refund was required;
9. blindly following the advice of counsel; and
10. allowing Plan assets to be used for unauthorized expenses.

*See Young* Pls.' 9th Am. Pet. ¶ 5.48, at 49-51; *Westfall* Pls.' 8th Am. Pet. ¶ 5.26,

at 26-28. O'Rourke is entitled to summary judgment on the Plaintiffs' state law

breach of fiduciary duty claim because it is preempted by ERISA.

     1.    <u>The Plan is an ERISA plan.</u>

     The Court has previously determined that the Plan is an ERISA plan. *See*

2-18-2011 Order (Dkt. # 937 in Case No. 10-13528-WV), at 2-3 (observing that

the "assets of the Plan are held in Trust, a requirement of ERISA[,] and that

"[b]enefits for non-owner [Plan] participants are protected by ERISA); 3-10-2011

Order (Dkt. # 977 in Case No. 10-13528-WV), at 2 (noting that Plan complied

with ERISA's requirement that the legal title to assets of a plan such as this be

held in trust). This is entirely consistent with the Plan's intent, as evidenced in the

Plan Document, to operate as an employee welfare benefit plan, as defined by ERISA. *See* Plan Document (excerpt) ¶ 1.

### 2.    ERISA Preemption: Applicable Law

"ERISA's express conflict preemption provision states, '[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan.'" *David P. Coldesina, D.D.S., P.C., Empl. Profit Sharing Plan & Trust v. Estate of Simper*, 407 F.3d 1126, 1136 (10th Cir. 2005) (quoting 29 U.S.C. § 1144(a)). The Tenth Circuit has recognized four categories of state laws that are preempted by ERISA. *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 990 (10th Cir. 1999)). The category of interest here is "laws and common-law rules providing remedies for misconduct growing out of the administration of [ERISA] plans." *Id.* Generally, state law claims that affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries are preempted by ERISA. *See id.*

### 3.    The Plaintiffs' breach of fiduciary duty claim is preempted by ERISA,

As noted earlier, the Plaintiffs' breach of fiduciary duty claim arises solely out of O'Rourke's role as a Plan Committee member and related to things that O'Rourke allegedly did or failed to do while on the Plan Committee. In other words, with regard to their state law breach of fiduciary duty claim, the Plaintiffs' complaint lies with the administration of the Plan. The claim falls squarely within

ERISA's conflict preemption prevision. *See* 29 U.S.C. § 1144(a). Accordingly, it is should be dismissed.

### IV. Conclusion and Prayer

Summary judgment should be granted on all claims being made against O'Rourke.

The Plaintiffs claims related to fraud and misrepresentation should be dismissed because O'Rourke did not play any role in the sale, promotion, or marketing of the Plan to any of the Plaintiffs. O'Rourke could not possibly have defrauded them or misrepresented the Plan to them.

The Plaintiffs claims for constructive trust, unjust enrichment, and money had and received should be dismissed because O'Rourke has never received and has never held any funds belonging to any other Covered Employer or Plan participant, including any of the Plaintiffs.

Finally, the Plaintiffs' state law breach of fiduciary duty claim should be dismissed because it is preempted by ERISA.

For these reasons, O'Rourke requests the Court to grant this Motion for Summary Judgment and dismiss all claims asserted against him.

Date: June 30, 2011                    Respectfully submitted,

                                       /s/ Lawrence A.G. Johnson
                                       Lawrence A.G. Johnson, Esq.
                                       OBA # 4705
                                       Law Offices of Lawrence A.G. Johnson
                                       6450 South Lewis Ave., Ste. 103
                                       Tulsa, Oklahoma 74136-1067
                                       Telephone:   (918) 743-0459
                                       Facsimile:    (918) 744-6686
                                       tendalla@aol.com

                                       Nelson Skyler
                                       Texas Bar No. 00784982
                                       nskyler@brownsims.com
                                       Tarush R. Anand
                                       Texas Bar No. 24055103
                                       tanand@brownsims.com
                                       1177 West Loop South, Tenth Floor
                                       Houston, Texas  77027-9007
                                       Telephone:   (713) 629-1580
                                       Facsimile:    (713) 629-5027

                                       *Attorneys for Timothy O'Rourke*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this instrument was served on the following attorneys of record via the Court's CM/ECF system on June 30, 2011.

Regan Strickland Beatty on behalf of Defendant American General Life Insurance Company
beattyr@crowedunlevy.com, donna.hinkle@crowedunlevy.com, kerryann.wagoner@crowedunlevy.com, ecf@crowedunlevy.com

Lawrence T Bowman on behalf of Defendant Senglaub Financial Group
lbowman@cozen.com

Brandee L Bruening on behalf of Defendants American General Life Insurance Company and American United Life Insurance Company
brandee.bruening@crowedunlevy.com, ecf@crowedunlevy.com; jody.moore@crowedunlevy.com

David A. Cheek on behalf of Defendant Senglaub Financial Group
dcheek@cheekfalcone.com, bzerbe@cheekfalcone.com; cf@thefalcones.com

Timothy E. Headley on behalf of Defendant Senglaub Financial Group
theadley@cozen.com

John B. Heatly on behalf of Defendant Penn Mutual Life Insurance Company
jheatly@fellerssnider.com, sshahan@fellerssnider.com; mbellar@fellerssnider.com

Joseph A Friedman on behalf of Defendant Aviva Life and Annuity Company fka Indianapolis Life Insurance Company, an Iowa Insurance Corporation
ecf@krcl.com, jfriedman@krcl.com

G. Rudy Hiersche on behalf of Defendant Ridge Insurance, Inc.
rudy@hlfokc.com, robin@hlfokc.com

Gary Kessler on behalf of Defendant D-A Financial Services
jw@kesslercollins.com

William H. Hoch on behalf of Defendant American General Life Insurance Company
hochw@crowedunlevy.com, donna.hinkle@crowedunlevy.com;

kerryann.wagoner@crowedunlevy.com; ecf@crowedunlevy.com

R Keith Johnston on behalf of Defendant Indianapolis Life Insurance Company
kjohnston@wbsvlaw.com, mvaughan@wbsvlaw.com; dskeens@wbsvlaw.com;
jstenson@wbsvlaw.com; mwoods@wbsvlaw.com

John Justin Johnston on behalf of Defendant David Cline
jjohnston@whmlaw.net, bwalters@whmlaw.net;juliebaswell@whmlaw.net

Fred A. Leibrock on behalf of Defendant Republic Bank & Trust
faleibrock@phillipsmurrah.com,
knogle@phillipsmurrah.com;ecf@phillipsmurrah.com

Foster Reese on behalf of Defendant Tony Fakouri
freese@helmsgreene.com,
agallaway@helmsgreene.com;jbreaud@helmsgreene.com

Bryon L. Romine on behalf of Defendant D-A Financial Services
blr@kesslercollins.com

Erin K Lovall on behalf of Defendant Millennium Multiple Employer Welfare
Benefit Plan
elovall@fslhlaw.com,
pfranklin@fslhlaw.com;dskierski@fslhlaw.com;mholmes@fslhlaw.com

John L. Malesovas on behalf of the Plaintiffs
john@malesovas.com, marisela@malesovas.com

Anthony L. Vitullo on behalf of the Plaintiffs
lvitullo@feesmith.com, wlyon@feesmith.com, mspurgeon@feesmith.com;
lrichards@feesmith.com

Robert B Millner on behalf of Defendant American General Life Insurance
Company
robert.millner@snrdenton.com

G. Blaine Schwabe on behalf of Defendant Millennium Multiple Employer Welfare
Benefit Plan
gschwabe@mswerb.com, swilliams@mswerb.com

Jeffery K Work on behalf of Defendant Wilshire-Pennington Group, Inc.

jwork@gordonrees.com, lroberts@gordonrees.com;
prodriguez@gordonrees.com

James R Wyrsch on behalf of Defendant David Cline
jimwyrsch@whmlaw.net, bwalters@whmlaw.net, juliebaswell@whmlaw.net

Additionally, a true and correct copy of the foregoing pleading was sent to the
following parties in this proceeding by first class mail.

Glenn Arons
c/o La Toyia Pierce
Henslee Schwartz, LLP
6688 N. Central Expy.
Suite 850
Dallas, TX 75206

Lee E. Bains
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Amy Boyea
2000 East Lamar Blvd., Ste 600
Arlington, TX 76006

Kathleen Barrow
c/o Jackson Lewis, LLP
1415 Louisiana Street
Suite 3325
Houston, TX 77396

Colin R. Batchelor
1717 Main Street, Suite 5400
Dallas, TX 75201

Tony Bonanno
c/o LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

Robert Alan Bragalone
2100 Ross Avenue
Suite 2800
Dallas, TX 75201

Craig Brinker
6688 N Central Expressway
Suite 850
Dallas, TX 75206

Jennifer O'Hara Calvin
6688 N. Central Expressway
Suite 850
Dallas, TX 75206

Karan Cummings Ciotti
Ogden Gibson Broocks Longoria & Hall
711 Louisiana St
1900 Pennzoil South Tower
Houston, TX 77002

David A Clark
1300 Post Oak Blvd.
Suite 2500
Houston, TX 77056

Gary Lee Clark
13415 Vista Bonita
San Antonio, TX 78216

Jonathan Cocks
3205 Walker Drive
Richardson, TX 75082

Karen C. Corallo
2000 McKinney Avenue, Ste 1900
Dallas, TX 75201

Larry Cress
c/o Dale Ossip Johnson
The Johnson Firm

P.O. Box 427
Cedar Park, TX 78630-0427

Joe Denson
703 W. Sunflower Rd.
Cleveland, MS 38732

Julia Ann Dobbins
777 Main St.
Suite 3800
Fort Worth, TX 76102

Jeffrey Dubose
702 Starcrest
New Braunfels, TX 78130

Jeffrey Dubose
593 Lakeview Boulevard
New Braunfels, TX 78130

John Duvall
1431 Bayshore Drive
Kemah, Texas 77565

David Esman
c/o Joe Sibley
Camara & Sibley, LLP
2339 University Blvd.
Houston, TX 77005

Jay Kurtis Gray
4514 Travis Sstreet, Ste 300
Dallas, TX 75205

Timothy E. Headley
1717 Main Street, Suite 2300
Dallas, TX 75201

Heartland Financial Advisors Group
1603 Crawford
Parsons, KS 67357

Infinity Wealth Management
27 W. 430 Warrenville Road
Warrenville, IL 60555

Stephen C Jackson
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Hunter Brandon Jones
777 Main Street, Suite 3800
Fort Worth, TX 76102

Larry E. Kelly
5400 Bosque Blvd., Ste 301
Waco, TX 76710

Gary Kessler
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Thomas A Labuda
233 S Wacker Drive
Suite 7800
Chicago, IL 60606

Edward Eugene Leisher
6500 Rock Springs Dr., Suite 450
Bethesda, MD 20817

Christopher Lubbers
1603 Crawford
Parson, KS 67357

Glenn Russell LeMay
1900 West Loop South
Suite 1000
Houston, TX 77027

Michael P. Massad

1201 Elm Street
Suite 5400
Dallas, TX 75270

David McDowell
3200 Southwest Freeway, Suite 2920
Houston, TX 77027

R. Timothy Muth
1000 North Water Street
Suite 1700
Milwaukee, WI 53202

Medalist LLC
c/o David R. Woodward
Cobb Martinez Woodward, PLLC
1700 Pacific Avenue
Suite 4545
Dallas, TX 75201

Medalist Marketing Group, LLC
c/o David R. Woodward
Cobb Martinez Woodward, PLLC
1700 Pacific Avenue
Suite 4545
Dallas, TX 75201

Timothy Moore
2603 Augusta Drive
Suite 1100
Houston, TX 77057

Alison H. Moore
Thompson Coe Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75202

R. Timothy Muth
1000 North Water Street
Suite 1700
Milwaukee, WI 53202

One Source Financial Services
5800 Padre Blvd., Suite 210
South Padre Island, TX 78597

James Palumbo
5800 Padre Blvd., Suite 210
South Padre Island, TX 78597

Kathleen Peer
15 Church Street
Stuyvesant, NY 12173

Shawn W. Phelan
700 N. Pearl, 25th Floor
Dallas, TX 75201

LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

Matthew G. Pletcher
1300 Post Oak Boulevard, Ste 2500
Houston, TX 77056

LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

Matthew G. Pletcher
1300 Post Oak Boulevard, Ste 2500
Houston, TX 77056

Private Consulting Group, Inc.
c/o Thomas G. Nicholson
Finneran & Nicholson, PC
30 Green Street
Newburyport, MA 01950

Jo Christine Reed
1221 Avenue of the Americas

New York, NY 10020

Foster Reese
1700 Pacific, Ste 1000
Dallas, TX 75201

Bryon L. Romine
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Ben Sartin
9100 IH-10 West, Suite 205
San Antonio, TX 78230

SecurePlan Administrators, LLC
c/o Fred A. Leibrock
Phillips Murrah, PC
101 N. Robinson
Oklahoma City, OK 73102

David M Skeens
Walters Bender Strohbehn & Vaughan
1100 Main Street
Suite 2500 City Center Square
PO Box 26188
Kansas City, MO 64196

Doug Skierski
10501 N Central Expressway
Suite 106
Dallas, TX 75231

John Straley
33 W. Higgins Road, Suite 5000
South Barrington, IL 60010

Mark Strefner
33 W. Higgins Road, Suite 5000
South Barrington, IL 60010

Greg Smith

c/o Gary S. Kessler
2100 Ross Avenue
Suite 750
Dallas, TX 75201

Smith Financial Group LLC
c/o Gary S. Kessler
2100 Ross Avenue, Suite 750
Dallas, TX 75201

TR Moore & Company, PC
2603 Augusta Drive
Suite 1100
Houston, TX 77057

Donald Jay Trudeau
2187 Atlantic Street
Stamford, CT 06902

Michael Ward
2680 Bishop Drive, Suite 204
Sam Ramon, CA 94583

The Wellington Group LLC
c/o LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

James Michael Vaughan
1100 Main Street
Suite 2500 City Center Square
Kansas City, MO 64105

Raymond Wicker
10011 W. Gulf Bank, Suite A
Houston, TX 77040

/s/ Larry A.G. Johnson
Larry A.G. Johnson