IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, | ) ) ) | Case No. 10-13528 (Chapter 11) |
| Debtor. | ) ) | |
| _____ | ) ) | Adversary. No. |
| CLAUDE YOUNG, et al | ) | 10-01176 |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | |
| THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, *et al*, | ) ) ) ) | |
| *Defendants*. | ) | |

The Millennium Multiple Employer Welfare Benefit Plan ("Millennium") files this short response to Defendant Timothy O'Rourke's Motion for Summary Judgment and Supply Brief.

1.	Millennium believes it is important for the Court to reaffirm its prior holding that the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") apply to Millennium because adopting employers which chose to provide welfare benefits to employees established plans subject to ERISA. *See MEWAs – Multiple Employer Welfare Arrangements Under the Employee Retirement Income Security Act (ERISA): A Guide to Federal and State Regulation* (United States Department of Labor, Employee Benefits Security Administration, Revised Sept. 2004) (available at www.dol.gov.ebsa/publications/MEWAs) p. 9 ("In effect, the arrangement sponsored by the group or association would, under such circumstances, be viewed

merely as a vehicle for funding the provision of benefits (like an insurance company) to a number of individual ERISA-covered plans…"); DOL Advisory Op. 2007-05A, n. 1 (Aug. 15, 2007) (available at www.dol.gov/ebsa/regs/AOs) (even if the MEWA itself is not an ERISA-covered plan, "[i]n such cases, the Department would view each employer using the MEWA to provide welfare benefits to its employees as having established a separate welfare benefit plan subject to ERISA.").

2.      The recently confirmed Plan of Liquidation is based on the provisions of ERISA in many respects. Most importantly, the Plan of Liquidation assumes that Millennium is a welfare benefit plan whose assets are held for the exclusive benefit of the participants. This is consistent with the "exclusive benefit" provisions of Section 404 of ERISA, 29 U.S.C. 1104. In addition, the disposition of those assets in the Plan of Liquidation is based on the documents governing Millennium as required by ERISA Section 404(a)(1)(d), 29 U.S.C. 1104(a)(1)(d).

3.      Even without the "law of the case" effect of this Court's prior rulings (*see Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 823 (10th Cir.2007)), it would still be important to continue to recognize the primacy of ERISA here. The federal law was designed specifically for arrangements providing welfare benefits and everyone involved, from this Court to the fiduciaries and service providers to the participants, can look to the requirements of this law for guidance.

4.      The petition filed by the plaintiffs in this case proves that there is no alternative to ERISA since plaintiffs propose no discernible standard of their own to evaluate decisions affecting Millennium's assets or administration. Indeed, the plaintiffs in this and the *Westfall* case are from twenty different states, and are seeking to hold defendants to some unspecified law of those

states. But one of the principal reasons for the enactment of ERISA was the desire to enact a single uniform set of rules to govern benefit plans: as the legislative history provides:

> A fiduciary standard embodied in Federal legislation will bring a measure of uniformity in an area where decisions under the same set of facts may differ from state to state . . . .
>
> [I]t is evident that the operations of employee benefit plans are increasingly interstate. The uniformity of decision which the Act is designed to foster will help administrators, fiduciaries and participants to predict the legality of proposed actions without the necessity of reference to varying state laws.

*Report of the Committee on Ways and Means on H.R. 12855,* U.S. House of Representatives, 93d Congress, 2d Session (1974), at 3308. *See also* III *Legislative History of the Employee Retirement Income Security Act of 1974,* at 4770-4771 (Floor comments of Senator Willams, one of the chief sponsors of ERISA)(warning of the "possibility of endless litigation [and] multiple and potentially conflicting State laws" in the absence of a single federal standard under ERISA).

Dated: June 30, 2011       Respectfully submitted,

/s/ Katherine S. Kamen
_____
KATHERINE S. KAMEN
*Admitted pro hac vice*
eas@groom.com
Edward A. Scallet
*Admitted pro hac vice*
eas@groom.com
Lars C. Golumbic
*Admitted pro hac vice*
lgolumbic@groom.com
HISHAM M. AMIN
*Admitted pro hac vice*
hamin@groom.com

Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006
Phone: (202) 857-0620

Fax:   (202) 659-4503

Counsel for Debtor

Case: 10-01176   Doc: 39   Filed: 06/30/11   Page: 4 of 7

## CERTIFICATE OF SERVICE

I hereby certify that the above-referenced document was served via the Court's Electronic Mailing System on the 30th day of June, 2011 as follows:

John Justin Johnston – jjohnson@whmlaw.net, bwalters@whmlaw.net, juliebasewell@whmlaw.net

Fred A. Leibrock - faleibrock@phillipsmurrah.com, knogle@phillipsmurrah.com, ecf@phillipsmurrah.com

Eric D. Madden on behalf of Plaintiff Diogenes Holdings, Inc.
emadden@diamondmccarthy.com, cburrow@diamondmccarthy.com, dblake@diamondmccarthy.com, blweis@diamondmccarthy.com

James R. Wyrsch - jimwyrsch@whmlaw.net, bwalters@whmlaw.net, juliebasewell@whmnlaw.net

Additionally, a true and correct copy of the foregoing was sent to the following parties in this proceeding by first class mail this 28th day of June, 2011.

Anthony L. Vitullo
Fee Smith Sharp & Vitullo LLP
Three Galleria Tower
13155 Noel Road Suite 1000
Dallas, TX 75240
(972) 980-3254
Fax : (972) 934-9200
Email: lvitullo@feesmith.com

John L. Malesovas
The Malesovas Law Firm
816 Congress Suite 1265
Austin, TX 78701
(512) 708-1777
Fax : 512-708-1779
Email: john@malesovas.com

Larry E. Kelly
5400 Bosque Blvd., Ste 301
Waco, TX 76710
254-776-5500

David A. Clark
Beirne Maynard & Parsons, LLP
1300 Post Oak Blvd, Suite 2500
Houston, TX 77056

Adria Price
Price & Associates, LLC
43 North Kringle Place
P.O. Box 100
Santa Claus, IN 47579

Jonathan Cocks
3205 Walker Drive
Richardson, TX 75082

Charles H. Barnett, III
Sara Barnett
Spragins Barnett & Cobb, PLC
PO Box 2004
312 E. Lafayette
Jackson, TN 38302-2004

Innovus Financial Solutions , LLC
22 East Bend Lane
Houston, TX 77007-7027

Robert L. Moore
Heaton & Moore, PC
100 N. Main Building
Suite 3400
Memphis, TN 38103

John David McDowell
Harwell Howard Hyne Gabbert & Manner
315 Deaderick Street, Suite 1800
Nashville, TN 37238

Dale H. Tuttle
Glassman Edwards Wade & Wyatt, PC
26 N. Second Street
Memphis, TN 38103

Robert Redding
Redding Steen & Staton, PC
464 North Parkway, Suite A
Jackson, TN 38305

Rebecca B. Howald
Manier & Herod
One Nashville Place, Suite 2200

150 Fourth Avenue North
Nashville, TN 37219

Kathleen R. Barrow
Jackson Lewis, LLP
1415 Louisiana Street, Suite 3325
Houston, TX 77002

Craig Brinker
LaToyia Watkins Pierce
Henslee Schwartz LLP
6688 N. Central Expressway
Suite 850
Dallas, TX 75206

Jerry D. Kizer, Jr.
Rainey Kizer Reviere & Bell
PO Box 1147
Jackson, TN 38302-1147

Kevin Baltz
Miller & Martin, LLP
150 Fourth Ave N.
1200 One Nashville Place
Nashville, TN 37219-2433

J. Brandon McWherter
Gilbert Russell McWherter PLC
101 North Highland
Jackson, TN 38301

Travis R. McDonough
Miller & Martin, LLP
150 Fourth Ave N.
1200 One Nashville Place
Nashville, TN 37219-2433

Alix Coulter
Harwell Howard Hyne Gabbert & Manner
315 Deaderick Street, Suite 1800
Nashville, TN 37238

                                      *s/ Katherine S. Kamen*
                                      _____
                                      KATHERINE S. KAMEN