IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,<br><br>    DEBTOR. | CASE NO. 10-13528<br>(CHAPTER 11) |
| CLAUDE YOUNG, et al.,<br>    Plaintiffs,<br><br>v.<br><br>THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, et al.,<br>    Defendants. | ADVERSARY NO. 10-01176 |

AND

| | |
|---|---|
| IN RE:<br><br>MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,<br><br>    DEBTOR. | CASE NO. 10-13528<br>CHAPTER 11 |
| FRED WESTFALL, et al,<br>    Plaintiffs,<br><br>v.<br><br>THE MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN, et al.,<br>    Defendants. | ADVERSARY NO. 10-01175 |

AND

IN RE:

**MILLENNIUM MULTIPLE EMPLOYER WELFARE BENEFIT PLAN,**

      **DEBTOR.**

**STEVE REMSEN, et al,**
      Plaintiffs,

v.

**GLEN ARONS, et al.,**
      Defendants.

**CASE NO. 10-13528**
**CHAPTER 11**

**ADVERSARY NO. 10-01182**

## APPLICATION FOR HEARINGS ON MOVANTS' OUTSTANDING MOTIONS TO REMAND

**COME NOW** Claude Young, *et al.*,[1] Westfall, *et al.*[2] and Remsen, *et al.*[3] (collectively, "Movants"), who respectfully request that this Court grant a hearing on their outstanding motions to remand. In support thereof, Movants show the Court as follows:

---

[1] Claude Young, Mike Young, Iris Young, Red River Sanitors, Inc.; Danny Cranford, Jennifer Fleshner, Accron, LP; Randolph R. Evans, Joan Evans, Randolph R. Evans, MD, PC; Mark E. Wilson, Mark E. Wilson, DDS, PC; Louis Guerra, Joe Guerra, Rudolph Guerra, Rudy's Food Products, Inc., Guerra Holdings, Inc.; John Cottam, Linda Cottam, Lincom, LLC, Kevin Barba; Allan W. Lipka, Evans, Lipka, Associates, Inc., Douglas Kottas; Loren Unruh, Gayle Unruh, LH&G Enterprises; Ronald Scott Warder, Candace Warder, ES&D Services, Inc.; Perry M. Jayne, Chad Jayne, Anchor Frame, Axle, Inc.; Karen Tan, Family Ear, Nose & Throat Care, PC, Family Ear, Nose & Throat Services, PLLC; Jerrold Malamut, Lynne C. Malamut, Todd Benjamin Malamut, National Real Estate Brokerage, Inc.; David W. French, Tonia French, David W. French, M.D., PSC; Dr. Steven L. Harris, Letitia Harris, Dr. Steven L. Harris, D.M.D.;, Andrew Baldauf, Cynthia Baldauf, Unique Surgical Products, Inc.; Arlan Hollenbeck, Sue Hollenbeck, A&S Masonry, Inc. d/b/a D&R Masonry; Kelly Schreckengast, KBS Real Estate, LLC; Tom Calabrese, Tom Calabrese Trucking, Inc.; Randolph Wischnewsky, M & C Fencing, Inc., Leslie A. Wischnewsky, L.W. Fabricating, Inc., Scott Robertson, M.D., Katie Robertson, Scott Robertson, M.D., P.C. d/b/a Midwest Neurosurgery, Michael C. McGinnis, Southwestern Pathology Associates, P.C.

[2] Fred Westfall, Timothy Westfall, Patricia Westfall Gonzales and Westfall Constructors, LTD.;Dennis Scheumann, Sylvia Scheumann and Mid-States Tool & Machine, Inc.; Edward C. Wade, M.D. and Edward C. Wade, M.D., PA; Marvin J. Mobley, Linda Dianne Mobley and Aberty Corporation; Kathy Pietro, Robert Martinelli and M&P Development, LLP; Carl Franklin, Edith L. Franklin and International Falcon Associates, Inc; Dr. Jordan F. Worth and Midtown Physicians, L-LLP; Michael Goldberg, M.D., Edward Parelhoff, M.D. and Eye Consultants of Northern Virginia, P.C.; Ronald Anderson, Deborah Anderson, and Supplier Link Services, Inc. ; Paul and Lucy Janoush, Joe and Dorothy Janoush, John and Beverly Janoush, and  Jantran, Inc.; Tim and Tracy Johnston and Chapter II, Inc.

[3] Steve Remsen, M.D., Shobit Arora, M.D., John Gilbert and Doctors Emergency Physicians P.A.

## INTRODUCTION AND PROCEDURAL BACKGROUND

1.     Movants are plaintiffs in the Young Adversary (No. 10-01176), the Westfall Adversary (No. 10-01175) and the Remsen Adversary (No. 10-01182). All three of these cases were originally filed in Texas State Court in Dallas and then removed to this Court. The *Young* and *Westfall* cases had been on file for over two years and were set for trial in September 2010 at the time of removal. Although these two cases originally named Millennium as a Defendant, the Movants have filed a Motion to Dismiss Millennium as a party in light of this Court's Confirmation Order regarding Millennium's Plan of Liquidation. The *Remsen* case was filed after Millennium filed for bankruptcy and never named Millennium as a party Defendant. Movants have filed Motions to Remand in each case and the Motions have been fully briefed and are ripe for consideration. Because an evidentiary hearing is necessary on these Motions to Remand, and because the evidentiary issues in each case will be related, Movants seek a joint hearing before this Court on all three Motions to Remand.

2.     These three cases are virtually identical to several other cases involving the Debtor Millennium Plan which were removed based on the Debtor's bankruptcy. Claims against the non-Debtor Defendants have been remanded now in four such related cases, for the same reasons expressed in the Young, Westfall and Remsen Motions to Remand. In particular, remand has been granted in: *Vartivarian, et al. v. Wilson, et al*, Case No. 10-03586-H4-ADV, United States Bankruptcy Court for the Southern District of Texas, Houston Division (Judge Bohm); *Jessen, et al. v. American General Life Ins. Co., et al*, Adversary No. 10-03318-bjh, United States Bankruptcy Court for the Northern District of Texas, Dallas Division (Judge Houser); *Williamson, et al. v. Penn Mutual Life Ins. Co., et al*, Adversary No. 10-03367, United States Bankruptcy Court for the Northern District of Texas, Dallas Division (Judge Houser); and

*Hamrick, et al. v. Aviva Life and Annuity Co., et al*, Adversary No. 10-03336-bjh, United States Bankruptcy Court for the Northern District of Texas, Dallas Division (Judge Houser). The Courts in all four cases found that permissive abstention was appropriate, and in three of the cases the court found that Mandatory abstention was required. The *Remsen* case is identical to the three cases where the Court found that mandatory abstention was required.

3. Movants hereby incorporate by reference all arguments asserted in the following motions to remand, and request this Court to grant a hearing on the three outstanding motions to remand outlined below.

4. In both the Young and Westfall Adversaries, Plaintiffs filed a Motion to Clarify Scope of Removal and/or to Remand and/or Abstain, and Response to Millennium's Motion to Transfer Venue, and Brief in Support in the Bankruptcy Court for the Northern District of Texas, Dallas Division On June 23, 2010. [Dkt. 35, Adversary Case No. 10-01176 (Young); Dkt. 17, Adversary Case No. 10-01175 (Westfall)]. On October 27, 2010, the Bankruptcy Court for the Northern District of Texas, Dallas Division, transferred the Young and Westfall cases to this Court subject to and without prejudice to Plaintiffs' Motion to Remand and Motion to Abstain.

5. Plaintiffs in the Remsen Proceeding filed a Motion to Remand and Motion to Abstain in the Bankruptcy Court for the Northern District of Texas, Dallas Division on October 13, 2010. Dkt. 23, Adversary Case No. 10-01182. On November 17, 2010, the Bankruptcy Court for the Northern District of Texas, Dallas Division transferred this adversary proceeding to this Court subject to and without prejudice to Plaintiffs' Motion to Remand and Motion to Abstain.

6.     On January 14, 2011, Plaintiffs filed an application with this Court for hearing on these Motions to Remand "as expeditiously as possible." As this date, no hearing has been set on these motions.

### Dismissal of the Debtor and Related Actions

7.     The Debtor filed its proposed Chapter 11 Plan of Liquidation on February 17, 2011, and Plaintiffs' claims against the Debtor have been resolved according to the Plan of Liquidation, which was approved by this Court on June 16, 2011. [Dkt. 1567, Case No. 10-13528]. Following this Court's confirmation of the Plan of Liquidation, Plaintiffs in the Young and Westfall Proceedings voluntarily dismissed The Millennium Plan as a defendant. The Young and Westfall Plaintiffs each filed an Unopposed Motion for Order Granting Voluntary Dismissal of Certain Defendants and Plaintiffs' Motion for Voluntary Dismissal of Conspiracy Claim on June 17, 2011 with this Court. [Dkt. 34, Adversary Case No. 10-01176; Dkt. 54, Adversary Case No. 10-01175]. The Debtor was never named as a defendant in Remsen.

8.     The confirmation of the Debtor's Plan of Liquidation effectively ends the Millennium Plan's involvement in the *Young* and *Westfall* cases. And the Millennium Plan was never involved in the *Remsen* case. Counsel for the Debtor explained to this Court in encouraging the Court to approve the Plan of Liquidation that the litigation against the debtor would end upon the Court's confirmation of the plan. He explained that, "the treatment of claims in Classes 3, 4, and 5 accomplishes two of [the debtor's] goals. One, to liquidate the plan and design a fair method of allocating the assets…and combine the treatments of Classes 3, 4, and 5 I am pleased to say effectively ends the litigation that was brought against the debtor and ends it with the debtor paying nothing. And that was a particular goal of the debtor."

9. The dismissal of the Debtor from *Young* and *Westfall* and the confirmation of the Plan for Liquidation brings an end to any arguable jurisdiction of the bankruptcy court given that the remaining claims and parties are no longer "related to" the bankruptcy proceeding. "As a general rule the dismissal or closing of a bankruptcy should result in the dismissal of related proceedings." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201 (5th Cir.1993). *See also In re Smith*, 866 F.2d 576, 580 (3d. Cir. 1989) ("[a]s a general rule, the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings"); *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 789 (11th Cir.1990) ("[t]he fact that property was once owned by a bankrupt does not supply federal jurisdiction of all future disputes concerning the property"). In a situation like this, where the alleged "related to" litigation has been removed from state court, the litigation must be remanded rather than dismissed, but the reasoning is the same.

10. And in *Remsen*, since the Debtor was never even named as a party, mandatory abstention is and has always been required.

11. The United States Bankruptcy Court for the Eastern District of Texas recently addressed a similar factual scenario, where the plaintiffs' claims against a reorganized debtor had been dismissed, where the remaining claims were exclusively state law issues among non-debtor parties, and where the defendants sought dismissal of those claims in the bankruptcy proceeding. *See In re Blue Water Endeavors, LLC*, Bankr.No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, 7 (E.D. Tex. Jan. 6, 2011). The holding of *In re Blue Water Endeavors* relied upon the principles of equitable remand, found in 28 U.S.C. §1452(b), which are equally applicable to this proceeding. In particular, the Court examined the following factors in determining that equitable

remand was appropriate in that case: (1) *forum non conveniens;* (2) whether the civil action was bifurcated by removal which favors a trial of the entire action in state court; (3) whether the state court has greater ability to respond to questions of state law; (4) the particular court's expertise; (5) the inefficiencies of proceedings in two forums; (6) prejudice to the involuntarily removed party; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *Id.* at 7*, citing Browning v. Navarro,* 743 F.2d 1069, 1076, n. 21 (5th Cir.1984); *WRT Creditors Liquidation Trust v. C.I.B. C. Oppenheimer Corp.,* 75 F.Supp.2d 596, 603 (S.D.Tex.1999).

12.　　The Court found that no issue remaining in the case required the expertise of a federal bankruptcy court, and also noted that "this Court believes that there is a basic comity principle which recognizes that a state court is better situated to determine issues of state law when there is no compelling connection to a bankruptcy case." *Id.* Emphasizing the importance of deference to the right of state courts to adjudicate disputes based upon state law, the Court concluded that the plaintiffs' motion to remand should be granted. *Id.* The Court also held that, in light of the dismissal of the claims of the reorganized debtor and the applicability of the remand factors, the non-debtor defendants' request for the dismissal of plaintiffs' claims should be reserved for the state court. *Id.* at n. 23.

13.　　The Defendant insurance companies may continue to argue, as they have unsuccessfully done to date, that there are competing claims against the insurance policies which name Millennium as the beneficiary and thus this Court should continue to retain jurisdiction over this case in order to resolve these alleged "competing claims". But there are in fact no competing claims against any of the insurance policies naming Millennium as the beneficiary. The Plaintiffs, on whose lives the policies are written, admit that the owner of the policies is now the Liquidation Trustee as successor in interest to the assets of the Millennium Plan under the

terms of the Confirmation Order.  The Plaintiffs are asserting *only* general tort claims for damages and *no* claim to ownership of any part of the Millennium Plan policies.  Plaintiffs instead seek to recover amounts assessed by the IRS in penalties, taxes and interest which are well in excess of their initial contributions and investment into the Millennium Plan.  The Plaintiffs' claims are not directed towards the ownership of any insurance policy or interest therein, and arise solely out of the non-Debtor Defendants' duty not to engage in tortious and fraudulent conduct.

14. Aviva Life Insurance Company has been particularly aggressive in its attempts to force Movants to litigate their state law tort based claims in Federal Court, having filed four separate federal interpleader actions.  But as Judge Friot recently recognized in administratively closing several of these purported interpleader actions, Aviva's interpleader claims cannot be used to "suck up all related claims into a single proceeding" before a Federal Court:

> Although an interpleader action is not an *in rem* proceeding, *New York Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916), an interpleader case, and the remedies available in it, are clearly asset-based.  And although Aviva has been sued in various tort actions, in various courts, with respect to the transactions that resulted in its issuance of the life insurance policies that are involved in this action, the interpleader remedy it seeks, being asset-based, is not an "all purpose 'bill of peace,'" *State Farm Ins. Co. v. Tashire*, 386 U.S. 523, 535 (1967), and thus is not a "legal vacuum cleaner intended to suck up all related claims into a single proceeding." 4 *Moore's Federal Practice*, § 22.02[1] (Matthew Bender 3d ed.). To the contrary, regardless of whether the matter is analyzed under § 1335 or Rule 22, it is the asset, and not the tangle of claims that might be asserted against the interpleader plaintiff by various claimants in various venues, that is "the fulcrum of the interpleader procedure." *Tashire*, 386 U.S. at 535. It thus comes as no surprise that an interpleader court's statutory power to enjoin proceedings in other courts is only the power "to enjoin pending federal and/or state proceedings affecting the subject matter of the interpleader: the interpleaded fund." *United States v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978).

Orders in *Aviva Life and Annuity Company v. Republic Bank & Trust, et al., Case No. Civ.-09-1113-F* (Dkt. 136) and *Aviva Life and Annuity Company v. Republic Bank & Trust, et al.* Case No. Civ.-09-01235-F (Dkt. 196) dated April 8, 2011.

## CONCLUSION

There is no reason to further delay resolution of Plaintiffs' claims against the remaining Defendants in this case, and thus Movants renew their request that their state law fraud-based claims against the solvent, non-debtor Defendants herein be remanded to state court. The claims are entirely based upon state law, Movants have requested and are entitled to a trial by jury on these claims, the state court can timely adjudicate these claims, and there is no independent basis for federal jurisdiction over the Plaintiffs' claims against the non-debtor Defendants. Movants are entitled to have their state law fraud-based claims heard by juries in the state courts where such cases were initially filed as soon as possible. Judicial economy and fairness, as well as the majority of other factors to be considered, support remand.

Movants were on the verge of trial a year ago when these claims were removed in the *Young* and *Westfall* cases. The State Court Judge observed the impropriety of the wholesale removal of these cases in his Order administratively closing the file pending remand:

> Clearly, most, if not all, of the multiple claims in these cases, whether asserted by direct action, counterclaim, third-party claim, cross-claim or in intervention, are unrelated to the Plan's bankruptcy, as "related to" jurisdiction is commonly understood. *See, e.g., Vig* v. *Indianapolis Life Ins. Co.,* 336 B.R. 279 (S.D. Miss. 2005); *McCratic* v. *Bristol-Myers Squibb & Co.,* 183 B.R. 113 (N.D. Tex. 1995). That the removal of the entirety of both actions is obviously strategic in nature- designed to thwart the impending and agreed-upon pre-trial deadlines and trials of the garden-variety state law claims presented in these cases-cannot credibly be denied.

This trial setting has now been delayed for a year as a result of the wholesale removal of all claims and causes of action including those not directed towards the Debtor. These cases should

be promptly remanded. Accordingly, Movants request this Court to grant a hearing on the aforementioned Motion to Remand in the Young, Westfall and Remsen Adversaries.

DATED: July 5, 2011. Respectfully submitted,

/s/ Anthony L. Vitullo
Anthony L. Vitullo
State Bar No. 20595500
Laura Richards Sherry
State Bar No. 24056203
FEE, SMITH, SHARP & VITULLO, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone: (972) 934-9100
Telecopier: (972) 934-9200
E-mail: lvitullo@feesmith.com
lsherry@feesmith.com

Dalton Harris
State Bar No. 09056775
Austin England
State Bar No. 06619750
The Harris Firm, P.C.
5050 W. Lovers Lane
Dallas, Texas 75209
Telephone: (214) 956-7474
Facsimile: (214) 956-7405
Email: dalton@lawstop.com
austin@lawstop.com

and

John Malesovas
State Bar No. 12857300
MALESOVAS LAW FIRM
816 Congress Avenue, Suite 1265
Austin, Texas 78701
Telephone: (512) 708-1777
Facsimile: (512) 708-1779
E-mail: john@malesovas.com

***Attorneys for Various Movants as Reflected in Notices of Appearance***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. Bankruptcy Court, Western District of Oklahoma, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Notice was electronically mailed to the following parties:

Regan Strickland Beatty on behalf of Defendant American General Life Insurance Company
beattyr@crowedunlevy.com, donna.hinkle@crowedunlevy.com; kerryann.wagoner@crowedunlevy.com; ecf@crowedunlevy.com

Brandee L Bruening on behalf of Defendant American General Life Insurance Company
brandee.bruening@crowedunlevy.com, ecf@crowedunlevy.com; jody.moore@crowedunlevy.com

Joseph A Friedman on behalf of Defendant Aviva Life and Annuity Company fka Indianapolis Life Insurance Company, an Iowa Insurance Corporation
ecf@krcl.com, jfriedman@krcl.com

G. Rudy Hiersche on behalf of Defendant Ridge Insurance, Inc.
rudy@hlfokc.com, robin@hlfokc.com

William H. Hoch on behalf of Defendant American General Life Insurance Company
hochw@crowedunlevy.com, donna.hinkle@crowedunlevy.com; kerryann.wagoner@crowedunlevy.com; ecf@crowedunlevy.com

R Keith Johnston on behalf of Defendant Indianapolis Life Insurance Company
kjohnston@wbsvlaw.com, mvaughan@wbsvlaw.com; dskeens@wbsvlaw.com; jstenson@wbsvlaw.com; mwoods@wbsvlaw.com

John Justin Johnston on behalf of Defendant David Cline
jjohnston@whmlaw.net, bwalters@whmlaw.net;juliebaswell@whmlaw.net

Fred A. Leibrock on behalf of Defendant Republic Bank & Trust
faleibrock@phillipsmurrah.com, knogle@phillipsmurrah.com;ecf@phillipsmurrah.com

Erin K Lovall on behalf of Defendant Millennium Multiple Employer Welfare Benefit Plan
elovall@fslhlaw.com, pfranklin@fslhlaw.com;dskierski@fslhlaw.com;mholmes@fslhlaw.com

John L. Malesovas on behalf of Plaintiff A & S Masonry, Inc. dba D & R Masonry
john@malesovas.com, marisela@malesovas.com

Robert B Millner on behalf of Defendant American General Life Insurance Company
robert.millner@snrdenton.com

G. Blaine Schwabe on behalf of Defendant Millennium Multiple Employer Welfare Benefit Plan
gschwabe@mswerb.com, swilliams@mswerb.com

Anthony L. Vitullo on behalf of Plaintiff A & S Masonry, Inc. dba D & R Masonry
lvitullo@feesmith.com,
wlyon@feesmith.com;mspurgeon@feesmith.com;lrichards@feesmith.com

Jeffery K Work on behalf of Defendant Wilshire-Pennington Group, Inc.
jwork@gordonrees.com, lroberts@gordonrees.com;prodriguez@gordonrees.com

James R Wyrsch on behalf of Defendant David Cline
jimwyrsch@whmlaw.net, bwalters@whmlaw.net;juliebaswell@whmlaw.net

     Additionally, a true and correct copy of the foregoing pleading was sent to the following parties in this proceeding by first class mail.

American United Life Insurance Company
One American Square
P.O. Box 368
Indianapolis, IN 00368

Glenn Arons
c/o La Toyia Pierce
Henslee Schwartz, LLP
6688 N. Central Expy.
Suite 850
Dallas, TX 75206

Lee E. Bains
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Kathleen Barrow
c/o Jackson Lewis, LLP
1415 Louisiana Street
Suite 3325
Houston, TX 77396

Colin R. Batchelor
1717 Main Street, Suite 5400
Dallas, TX 75201

Tony Bonanno
c/o LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

Robert Alan Bragalone
2100 Ross Avenue
Suite 2800
Dallas, TX 75201

Craig Brinker
6688 N Central Expressway
Suite 850
Dallas, TX 75206

Jennifer O'Hara Calvin
6688 N. Central Expressway
Suite 850
Dallas, TX 75206

Karan Cummings Ciotti
Ogden Gibson Broocks Longoria & Hall
711 Louisiana St
1900 Pennzoil South Tower
Houston, TX 77002

David A Clark
1300 Post Oak Blvd.
Suite 2500
Houston, TX 77056

Jonathan Cocks
3205 Walker Drive
Richardson, TX 75082

Larry Cress
c/o Dale Ossip Johnson
The Johnson Firm
P.O. Box 427
Cedar Park, TX 78630-0427

Julia Ann Dobbins
777 Main St.
Suite 3800
Fort Worth, TX 76102

John Duvall
1431 Bayshore Drive
Kemah, Texas 77565

David Esman
c/o Joe Sibley
Camara & Sibley, LLP
2339 University Blvd.
Houston, TX 77005

Jay Kurtis Gray
4514 Travis Sstreet, Ste 300
Dallas, TX 75205

Stephen C Jackson
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Hunter Brandon Jones
777 Main Street, Suite 3800
Fort Worth, TX 76102

Larry E. Kelly
5400 Bosque Blvd., Ste 301
Waco, TX 76710

Thomas A Labuda
233 S Wacker Drive
Suite 7800
Chicago, IL 60606

Glenn Russell LeMay
1900 West Loop South
Suite 1000
Houston, TX 77027

Michael P. Massad
1201 Elm Street
Suite 5400
Dallas, TX 75270

Medalist LLC
c/o David R. Woodward
Cobb Martinez Woodward, PLLC
1700 Pacific Avenue, Suite 4545
Dallas, TX 75201

Medalist Marketing Group, LLC
c/o David R. Woodward
Cobb Martinez Woodward, PLLC
1700 Pacific Avenue, Suite 4545
Dallas, TX 75201

Timothy Moore
2603 Augusta Drive, Suite 1100
Houston, TX 77057

Alison H. Moore
Thompson Coe Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75202

R. Timothy Muth
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Timothy ORourke
14303 Golf View Trail
Houston, TX 77059

Kathleen Peer
15 Church Street
Stuyvesant, NY 12173

Shawn W. Phelan
700 N. Pearl, 25th Floor
Dallas, TX 75201

LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

Matthew G. Pletcher
1300 Post Oak Boulevard, Ste 2500
Houston, TX 77056

Private Consulting Group, Inc.
c/o Thomas G. Nicholson
Finneran & Nicholson, PC
30 Green Street
Newburyport, MA 01950

Jo Christine Reed
1221 Avenue of the Americas
New York, NY 10020

SecurePlan Administrators, LLC
c/o Fred A. Leibrock
Phillips Murrah, PC
101 N. Robinson
Oklahoma City, OK 73102

David M Skeens
Walters Bender Strohbehn & Vaughan
1100 Main Street
Suite 2500 City Center Square
PO Box 26188
Kansas City, MO 64196

Doug Skierski
10501 N Central Expressway, Suite 106
Dallas, TX 75231

Greg Smith
c/o Gary S. Kessler
2100 Ross Avenue, Suite 750
Dallas, TX 75201

Smith Financial Group LLC
c/o Gary S. Kessler
2100 Ross Avenue, Suite 750
Dallas, TX 75201

TR Moore & Company, PC
2603 Augusta Drive, Suite 1100
Houston, TX 77057

The Wellington Group LLC
c/o LaToyia Watkins Pierce
6688 N. Central Expressway, Ste 850
Dallas, TX 75206

James Michael Vaughan
1100 Main Street
Suite 2500 City Center Square
Kansas City, MO 64105

                                                */s/ Anthony L. Vitullo*
                                                Anthony L. Vitullo